IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| MORRIS GREEN | : | NO.: _____ |
| 2823 W Clearfield Street | : | |
| Philadelphia, PA 19132 | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MWB CORP. D/B/A NEW BRITAIN INN | : | |
| 376 Butler Avenue | : | |
| New Britain, PA 18901 | : | |
| | : | |
| Defendant. | : | |

---

**COLLECTIVE AND CLASS ACTION COMPLAINT – CIVIL ACTION**

Plaintiff, Morris Green ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendant MWB Corp. d/b/a New Britain Inn ("Defendant"), by and through his undersigned attorneys, brings this Collective and Class Action Complaint against Defendant and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*, by improperly failing to pay overtime compensation.

2. Plaintiff further brings an individual claim contending that Defendant violated the FLSA by terminating him in retaliation for engaging in protected activity under the FLSA.

3. Specifically, Plaintiff contends that Defendant terminated him shortly after he made an internal complaint regarding Defendant's failure to pay overtime compensation.

1

4.      Plaintiff brings this action under the FLSA and the PMWA for monetary damages to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.      This action is authorized and initiated pursuant to the FLSA.

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10.     "Class Plaintiffs" are individuals named above and those who file "opt-in" consent forms with the Court.

11.     Plaintiff is a citizen of the United States and Pennsylvania, and currently maintains a residence at 2823 W Clearfield Street, Philadelphia, PA 19132.

12.     Upon information and belief, Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 376 Butler Ave New Britain, PA 18901.

13.     Defendant is a "private employer" and covered by the FLSA.

14. Plaintiff was an employee who was employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff incorporates the preceding paragraphs by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid and unlawfully withheld overtime compensation, liquidated damages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Cook or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of the putative class are herein after referred to as the "Class Plaintiffs").

19. Upon information and belief, Plaintiff estimates there are at least fifteen (15) other employees who either were or are working for Defendant and were subjected to Defendant's unlawful pay practices. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records.

Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publications.

## CLASS ACTION ALLEGATIONS

20. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

21. Plaintiff brings this action individually, and on behalf of all the other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who were employed by Defendant in the position of Cook or in a position with the same or substantially similar job duties as a tipped employee in the Commonwealth of Pennsylvania during the last three (3) years and who were subjected to Defendant's unlawful pay practices.

22. The class is so numerous that joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail.

23. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including but not limited to:

   A. Whether Defendant failed to pay overtime compensation which rightfully should have been provided to Plaintiff and Class Members in violation of the FLSA, PWMA;

   B. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

24. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Cook who has suffered similar injuries as those suffered by the Class members as a result of Defendant's unlawful pay practices

which violated the FLSA, PMWA. Defendant's conduct of violating the aforementioned statutes affected Plaintiff and the Class in the exact same way.

25. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

> A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;
>
> B. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and
>
> C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to the consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28. A class action is also superior to other available means for the fair and efficient

adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL ALLEGATIONS**

29. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

30. Plaintiff began his employment with Defendant on or about June 17, 2024, when he was hired for the position of Cook and worked under Defendant's manager Michael Carey.

31. During his tenure with Defendant, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

32. Plaintiff was paid an hourly rate of $18.00.

33. Plaintiff regularly worked in excess of forty (40) hours per week.

34. Plaintiff, however, did not receive any overtime compensation for work performed in excess of forty (40) hours per week.

35. By way of example, on or about July 5, 2024, Michael Carey texted Plaintiff a handwritten pay stub indicating that Plaintiff had worked 45.9 hours that week at a rate of $18 an hour resulting in gross compensation for that week of $826.20.

36. Had Defendant properly compensated Plaintiff for his 5.9 hours of overtime that week, Plaintiff's gross compensation would have been $879.30.

37. On or about July 27, 2024, Plaintiff texted Michael LNU, "I'm noticing on my schedule im scheduled for 48 hours a week and not getting paid to OT for the 8 hours."

38. In response, Michael Carey texted Plaintiff, "Are u ok w 40 hrs?"

39. Michael Carey provided no explanation for Defendant's failure to pay Plaintiff the required overtime rate.

40. On August 1, 2024, Defendant's Head Chef Troy LNU texted Plaintiff and informed him his employment was terminated.

41. Specifically, Troy LNU told Plaintiff, "unfortunately I'm gonna have to let you go . . . I just don't think you the right fit for what we tryna build here my guy."

42. Troy LNU did not elaborate on why he believed Plaintiff was not "the right fit."

43. It is believed, and therefore averred, that Defendant terminated Plaintiff in retaliation for engaging in protected activity under the FLSA by complaining about Defendant's failure to pay overtime compensation.

44. Plaintiff's internal complaints regarding Defendant's failure to pay overtime compensation constituted protected activity under the FLSA.

45. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**FAIR LABOR STANDARD ACT**
**29 U.S.C. § 201, et seq.**
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

<u>*Plaintiff and Class Plaintiffs v. Defendant*</u>

46. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

47. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

48. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

49. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times his regular rate of pay for each hour that worked in excess of 40 hours in a work week.

50. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

51. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

52. Defendant is liable to Plaintiff and Class Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff and Class Plaintiffs pray for the following relief:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b).

B. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Cook and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period and had tips withheld by Defendant in violation of the FLSA;

C. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for hours worked, some of which were in excess of forty (40) hours per week;

D. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

E. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G. Awarding pre- and post-judgment interest and court costs as further allowed by law;

H. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### **FAILURE TO PAY OVERTIME COMPENSATION**

### *<u>Plaintiff and Class Plaintiffs v. Defendant</u>*

53. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

54. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. <u>See</u> 43 P.S. § 333.113.

55. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. <u>See</u> 43 P.S. § 333.113.

56. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours work.

57. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff and Class Plaintiffs pray for the following relief:

A. An Order certifying this case as a class action and designating Plaintiff as the class representative of the Class and his counsel as Class Counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.  An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 215, *et seq.*
## RETALIATION
## *Plaintiff, individually against Defendant*

58.  The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

59.  Plaintiff engaged in protected activity under the FLSA as described above.

60.  Shortly thereafter, Defendant began retaliated against Plaintiff by terminating his employment for reasons which are clearly pretextual.

61.  By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

62.  As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff prays for the following relief:

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

E. Pre-judgment interest in an appropriate amount;

F. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   /s/ *Johannes Hoffman*
Johannes Hoffman, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: August 26, 2024

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.